UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, # 255623,<br>*aka Jimmy G. Blakely,*<br><br>                    Petitioner,<br><br>vs.<br><br>Warden A. Padula,<br><br>                    Respondent. | ) C/A No. 4:10-3280-MBS-TER<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

The petitioner, James G. Blakely ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner has filed a previous § 2254 petition in this Court, which was dismissed on the merits, C/A No. 4:07-2012-MBS-TER. The instant petition is therefore successive, and is presented without an order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition. This petition is therefore subject to summary dismissal.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background and Discussion

As stated above, Petitioner files this petition pursuant to 28 U.S.C. §2254. As also noted above, Petitioner has filed a prior § 2254 habeas corpus action in this Court. This Court may take judicial notice of Petitioner's prior § 2254 case. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

In the Report and Recommendation addressing Respondent's summary judgment motion in the prior case (C/A No. 4:07-2012-MBS-TER), the undersigned addressed Petitioner's thirty-one (31) grounds for relief on the merits. The Report and Recommendation was adopted by the district judge on January 28, 2009.It is unnecessary to reiterate those arguments herein.

In the instant petition, Petitioner seeks relief arguing that his appellate counsel was

ineffective. However, this Court does not address the merits of this petition, as it is successive and therefore cannot be entertained without leave from th Fourth Circuit. Regardless of whether this particular ground for relief has been presented before, it cannot be presented in this successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed" 28 U.S.C. § 2244(b)(1). And "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies. See 28 U.S.C. §2244(b)(2). However, even if an exception applies, the Petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. §2244(b)(3)and (4).

## Conclusion

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return*. **Petitioner's attention is directed to the notice on the following page.**

                                                           s/Thomas E. Rogers, III
                                                         Thomas E. Rogers, III
March 16, 2011                              United States Magistrate Judge
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).