IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James G. Blakely, #255623, | ) | |
| | ) | C.A. No. 4:10-3280 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden A. Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner James G. Blakely is an inmate who is currently housed at the Perry Correctional

Institution.  Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Thomas E. Rogers for pretrial handling. On March 16, 2011,  the

Magistrate Judge issued a Report and Recommendation recommending that Petitioner's case be

dismissed without prejudice and without issuance and service of process upon Respondent because

the petition is successive.   On March 30, 2011, Petitioner filed objections to the Report and

Recommendation.

## **BACKGROUND**[1]

In July 1998, Petitioner was tried and convicted for voluntary manslaughter and assault and

battery of a high and aggravated nature ("ABHAN") after a jury trial.  Petitioner was sentenced to

thirty years imprisonment for voluntary manslaughter and ten years imprisonment for ABHAN, to

---

[1]     The within petition is Petitioner's third petition for writ of habeas corpus.  The court can take judicial
notice of the filings in Petitioner's prior cases. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209
F.2d 570, 572 (4th Cir. 1954); *Colonial Penn Insurance Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.
1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of
court records.").

run consecutively.  Petitioner appealed his conviction and sentence.  On September 26, 2000, the Supreme Court of South Carolina dismissed the appeal.  Thereafter, Petitioner filed a motion for rehearing, which was denied by the Supreme Court of South Carolina on November 3, 2000.

On February 21, 2001, Petitioner filed an application for post-conviction relief ("PCR"), case number 2001-CP-23-1223, stating several grounds for relief.  An evidentiary hearing was held on June 25, 2002.  The PCR Judge granted relief on a single issue by order dated August 30, 2002, but did not issue specific rulings on Petitioner's remaining allegations.  On September 23, 2002, the state filed a notice of appeal with the Supreme Court of South Carolina.  On September 7, 2004, the Supreme Court of South Carolina reversed the grant of post-conviction relief.  On September 22, 2004, the Supreme Court of South Carolina remanded Petitioner's case to the circuit court for a ruling on Petitioner's outstanding allegations.  On October 6, 2004, the Supreme Court of South Carolina denied Petitioner's motion for a rehearing of the state's appeal.

On November 10, 2004, Petitioner filed a second PCR application, case number 2004-CP-23-7467).   On November 16, 2004, Petitioner filed his first petition for writ of habeas corpus with this court, civil action number 4:04-22904.  On January 6, 2005, the respondent to Petitioner's habeas petition filed a motion for summary judgment.  On March 29, 2005, a Conditional Order of Dismissal was issued provisionally dismissing Petitioner's second PCR application as successive, but giving Petitioner twenty days to show why the dismissal should not be final.  On June 17, 2005, the PCR court issued a final order dismissing Petitioner's second PCR application.  Petitioner appealed this dismissal.  On September 22, 2005, the Supreme Court of South Carolina upheld the dismissal of Petitioner's second PCR application as successive, but found that Petitioner's remaining allegations from his first PCR application were still pending before the circuit court and remanded

2

to the circuit court for a ruling on the outstanding allegations.

On February 2, 2006, the Magistrate Judge issued a Report and Recommendation recommending that the motion for summary judgment in Petitioner's first habeas corpus case be granted because Petitioner had failed to exhaust his state court remedies on some of his claims.  On February 23, 2006, the court issued an order adopting the Report and Recommendation and dismissing Petitioner's first habeas corpus petition without prejudice.

On April 7, 2006, the PCR Judge denied Petitioner relief on the remaining allegations from his first PCR application.  Petitioner filed a motion for reconsideration, but that motion was denied on May 8, 2006.  By order dated June 7, 2007, the Supreme Court of South Carolina denied a petition for writ of certiorari filed by Petitioner on the denial of relief on the remaining allegations from his first PCR application.

Petitioner filed a second petition for writ of habeas corpus with the court on July 11, 2007, civil action number 4:07-2012.  The respondent to Petitioner's second petition for writ of habeas corpus moved for summary judgment on December 6, 2007.  On April 16, 2008, the Magistrate Judge issued a Report and Recommendation, addressing each of Petitioner's grounds for relief and recommending that the respondent's motion for summary judgment be granted.  On August 4, 2008, the court adopted the report and recommendation and dismissed Petitioner's second petition for writ of habeas corpus with prejudice.  Petitioner noticed his appeal on August 20, 2008.  On May 14, 2009, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed Petitioner's appeal.

Petitioner filed a third application for PCR on November 3, 2009, case number 2009-CP-23-9337.  On March 23, 2010, the PCR court issued a conditional order of dismissal provisionally

dismissing Petitioner's second PCR application as successive, but giving Petitioner twenty days to show why the dismissal should not be final. The dismissal subsequently became final. On May 12, 2010, Petitioner filed an appeal, which was denied by the Supreme Court of South Carolina on June 4, 2010.

Petitioner filed the within third petition for writ of habeas corpus on December 29, 2010. Petitioner asserts the following grounds for relief in his petition: 1) "Denial of Due Process and Equal Protection of the Laws" because "[a]ppellate counsel was not subpoenaed by the state to appear at Petitioner's PCR hearing . . . and the Court could not hear the issues;" 2) "Fraud upon the Court" because "extrinsic fraud has prevented Petitioner from having a full and fair evidentiary hearing;" 3) "the Court of General Sessions did not have subject matter jurisdiction, nor personal jurisdiction to convict Petition [sic];" and 4) "Miscarriage of justice and Petitioner is actually innocent as a matter of law." Entries 1 at 5, 6, 8, 9; 1-1 at 16.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

In his objections, Petitioner contends that his petition is not successive because "the above issue has not been ruled on, nor presented to this court, as fraud upon the Court and Petitioner could not have previously file [sic] this issue because Petitioner was still attempting to achieves [sic] his

4

hearing from the Court of Common Pleas on ineffective assistance of appellate counsel." Entry 27

at 3. Petitioner further contends that "[u]nder the 28 U.S.C. § 2244(b)(2) exception, Petitioner could

not raise the present issues until they happen to occur." Entry 27 at 5. This objection is without

merit.

Title 28, United States Code, Section 2244(b) provides in relevant part:

(1) A claim presented in a second or successive habeas corpus application under
section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under
section 2254 that was not presented in a prior application shall be dismissed unless–

. . . .

> (B)(i) the factual predicate for the claim could not have been discovered
> previously through the exercise of due diligence; **and**

> (ii) the facts underlying the claim, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that, but for constitutional error, no reasonable
> factfinder would have found the applicant guilty of the underlying offense.

*Id.* (emphasis added). "In order to qualify as a successive petition, the dismissal of the first habeas

petition must be on the merits." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002). Petitioner's

second habeas corpus petition, case number 4:07-2012, was adjudicated on the merits because the

court specifically addressed each of Petitioner's grounds for relief and determined that the petition

should be denied. Although Petitioner contends that he could not have previously raised the grounds

for relief he now asserts, the procedural history of this case demonstrates that all of the grounds for

relief that Petitioner alleged in his first PCR application had been adjudicated on their merits by the

time Petitioner filed his 2007 habeas corpus action. Although Petitioner subsequently filed another

application for PCR in 2009, this petition was dismissed as successive. Petitioner could have raised

each of the grounds he now seeks to raise in his 2007 habeas corpus petition. Therefore, this petition is successive and does not fit 28 U.S.C. §2244(b)(2)'s exception for new facts showing a high probability of actual innocence.[2]

> Petitioner also objects to the Report and Recommendation contending that:
>
> [h]ad Petitioner raised ineffective assistance of appellate counsel in this habeas corpus . . . , then Petitioner would have needed an order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition. Since this does not apply in this case, then Petitioner's petitioner is not subject to summary dismissal.

Entry 27 at 4. This objection is without merit. Under § 2244(b), a successive application cannot be filed with the district court until the applicant has obtained authorization from the appropriate court of appeals even if the petitioner is raising new claims. 28 U.S.C. § 2244(b)(2), (3)(A); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.") (citing 28 U.S.C. § 2244(b)(3)); *Latimer v. Warden*, C/A No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *3 (D.S.C. Apr. 14, 2010) (finding that all new claims in successive petition could have been made in prior petition and that because the petitioner had not obtained authorization from the Fourth Circuit to file a successive petition, the court did not have jurisdiction to consider the successive petition); *Thomas v. Bodison*, No. 6:09–2200–HMH–WMC, at *2 (D.S.C. Nov.9, 2009) ("In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application.").

---

[2] In particular, Petitioner's claim of actual innocence is inadequate to require consideration because Petitioner is not alleging any new, reliable evidence that was not presented in his prior proceedings.

## CONCLUSION

Based upon the foregoing, the within petition for writ of habeas corpus is dismissed without prejudice and without issuance and service of process.   The court adopts the Report and Recommendation and incorporates it herein by reference.   Petitioner can seek authorization from the Fourth Circuit Court of Appeals to file a successive petition.   *See* 28 U.S.C. § 2244(b)(3)(A).[3] The court denies Petitioner a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b)(2).

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

July 21, 2011
Columbia, South Carolina

---

[3]    Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit at 1100 E. Main St., Richmond, Virginia 23219.